UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL MORENO,                        )
                                       ) No. CV-09-3072-JPH
            Plaintiff,                 )
                                       ) ORDER GRANTING DEFENDANT'S
v.                                     ) MOTION FOR SUMMARY JUDGMENT
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                    )
                                       )
            Defendant.                 )
                                       )
                                       )

       BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on June 11, 2010 (Ct. Rec.
13,16). Attorney D. James Tree represents plaintiff; Special
Assistant United States Attorney David R. Johnson represents the
Commissioner of Social Security (Commissioner). The parties have
consented to proceed before a magistrate judge (Ct. Rec. 8). On
April 12, 2010, plaintiff filed a reply (Ct. Rec. 18). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** defendant's motion for summary judgment
(Ct. Rec. 16) and **DENIES** plaintiff's motion for summary judgment
(Ct. Rec. 13).

**JURISDICTION**

       Plaintiff protectively applied for supplemental security
income (SSI) benefits on February 13, 2007, alleging onset
beginning February 1, 2006 (Tr. 57). The application was denied

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 1 -

initially and on reconsideration (Tr. 30-33, 35-36).

Administrative Law Judge (ALJ) Gene Duncan held a hearing on

January 21, 2009 (Tr. 188-221). Plaintiff, represented by counsel,

psychologist Ronald Klein, Ph.D., and vocational expert Daniel

McKinney testified. On March 9, 2009, the ALJ issued a decision

finding plaintiff not disabled (Tr. 15-25). The Appeals Council

denied a request for review on June 13, 2009 (Tr. 5-7). Therefore,

the ALJ's decision became the final decision of the Commissioner,

which is appealable to the district court pursuant to 42 U.S.C. §

405(g). Plaintiff filed this action for judicial review pursuant

to 42 U.S.C. § 405(g) on August 6, 2009 (Ct. Rec. 1,4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, the briefs of the parties, and
summarized here where relevant.

Plaintiff was 33 years old when he applied for benefits and
35 on the date of the ALJ's decision (Tr. 24). He has an eleventh
grade education and has worked in landscaping as a lawn service
worker, in construction, and as a house painter (Tr. 62-63, 65,
193-195,215). He alleges disability as of February 1, 2006, due to
knee injuries, obesity, and depression (Tr. 61-62). Plaintiff
testified he "can't stand up too long"; his left leg snaps a lot;
he cannot twist it, and the pain interferes with sleep (Tr. 195-
196). Mr. Moreno's leg pain extends up to his back and hurts
constantly but worse in cold weather; at times his left knee
swells; "it locks a lot" and feels like it "wants to go out" (Tr.
195-198, 201). Plaintiff takes no medication because he dislikes

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 2 -

pills (Tr. 197). He is beginning to have pain in the right knee but has not sought treatment (Tr. 199, 209). Plaintiff has no insurance and has had no treatment for over a year (Tr. 204, 209, 213). He can stand and sit 45 to 60 minutes, walk one and a half to two blocks, and lift 35-40 pounds (Tr. 200). Walking on uneven surfaces causes his leg to "hurt a lot" (Tr. 202). He walks more slowly than other people and tires quickly. Plaintiff acknowledges he is obese and deconditioned (Tr. 199, 202, 207-209). He does not use a cane (Tr. 211).

Activities include reading (Tr. 204); reclining in a chair with both legs elevated for 4-5 hours a day (Tr. 197, 208, 218-219); sitting down a lot (Tr. 199); taking out trash and mowing the lawn with a riding mower (Tr. 210), shooting guns (Tr. 204), seeing his three children (Tr. 212), and visiting with friends (Tr. 202). When asked if he could perform essentially sedentary work, plaintiff answered, "I'm sure I could" (Tr. 203). He is mildly depressed (Tr. 203-204).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 3 -

1  considering plaintiff's age, education and work experiences,

2  engage in any other substantial gainful work which exists in the

3  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

4  Thus, the definition of disability consists of both medical and

5  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

6  (9th Cir. 2001).

7      The Commissioner has established a five-step sequential

8  evaluation process for determining whether a person is disabled.

9  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

10 is engaged in substantial gainful activities. If so, benefits are

11 denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

12 the decision maker proceeds to step two, which determines whether

13 plaintiff has a medically severe impairment or combination of

14 impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

15     If plaintiff does not have a severe impairment or combination

16 of impairments, the disability claim is denied. If the impairment

17 is severe, the evaluation proceeds to the third step, which

18 compares plaintiff's impairment with a number of listed

19 impairments acknowledged by the Commissioner to be so severe as to

20 preclude substantial gainful activity. 20 C.F.R. §§

21 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

22 App. 1. If the impairment meets or equals one of the listed

23 impairments, plaintiff is conclusively presumed to be disabled.

24 If the impairment is not one conclusively presumed to be

25 disabling, the evaluation proceeds to the fourth step, which

26 determines whether the impairment prevents plaintiff from

27 performing work which was performed in the past. If a plaintiff is

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since onset (Tr. 17). At steps two and three, he found plaintiff suffers from knee injuries[1] and obesity, impairments that are severe but do not meet or medically equal the requirements of the Listings[2] (Tr. 17, 19). After finding plaintiff not fully credible, the ALJ assessed Mr. Moreno's RFC (Tr. 21). At step four, relying on the VE, he found a person with plaintiff's limitations and background could not perform his past relevant work (Tr. 24; 216). At step five, again relying on the VE, the ALJ found plaintiff is able to perform other work such as assembling small parts and electronics (Tr. 24-25; 216-217). The ALJ found plaintiff not disabled (Tr. 25).

**ISSUES**

Plaintiff contends that the Commissioner erred when he assessed plaintiff's credibility and weighed the medical evidence. Specifically, Mr. Moreno alleges (1) at step 3, the ALJ should

---

[1]Specifically, degenerative joint disease (DJD), left knee, post medial meniscectomy, second meniscectomy left knee, and arthritis left knee (Tr. 17).

[2]
According to Mr. Moreno, he meets the criteria of Listing 1.02A because he has demonstrated an inability to ambulate effectively (Ct. Rec. 14 at 12-16).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 7 -

have found his impairments met or equaled Listing 1.02A; and (2)
at step 5, the assessed RFC should have included an option to
recline and elevate his leg/foot (Ct. Rec. 14 at 12-16). The
Commissioner answers that one, the ALJ's step three analysis is
supported both by the medical evidence and plaintiff's
credibility, and two, the RFC assessment is free of legal error
and includes all limitations supported by substantial evidence.
Accordingly, the Commissioner asks the court to affirm (Ct. Rec.
17 at 7-14; reclining option, at 14-16).

**DISCUSSION**

**A. Weighing medical opinion evidence**

        In Social Security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947, F.2d 341, 345 (9th Cr.
1991).

        A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir.
1989). However. The treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 8 -

751 (9th Cir. 1989)(citations omitted). More weight is given to a treating to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physician's opinions that to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d at 1042-1043 (9th Cir. 1995).

*Physical impairments*

After Mr. Moreno's first knee surgery in 1995 or 1996, treating surgeon Brent Bingham, D.O., in December of 2003 notes plaintiff's knee was fine afterward and he was able to work until he twisted his leg while working in lawn maintenance in 2003 (Tr. 22; Ex. 2F/7; Tr. 104, 148). The ALJ notes there is no medical evidence of knee complaints until 2007, despite plaintiff's alleged onset date of February 1, 2006 (Tr. 15, 22, Ex. 7F/1, Tr.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 9 -

108).

More than two years before onset, in November of 2003, MRI results showed mild to moderate degenerative changes and meniscus tearing (Tr. 106). On December 3, 2003, Dr. Bingham performed a partial lateral meniscectomy and synovectomy and shaved the intercondylar notch (Tr. 107). Post operatively he diagnosed an additional tear to the lateral meniscus, erosion of the lateral femoral compartment, partial disruption of the ACL and reactive synovitis (Id). By January 12, 2004, Dr. Bingham notes good ROM; plaintiff says knee is better but still bothers him; wants to play basketball, which Dr. Bingham recommends against. Dr. Bingham told Mr. Moreno to get off of his crutches, continue exercises, and limit exercise to low-impact (Tr. 110).

On March 20, 2007, plaintiff reports daily activities include walking his children to and from school and taking the bus to college. When home he sits a lot and tries to go for long walks but his leg "hurts a lot and gets swollen" (Tr. 68). He cares for the children without help, cooks, does laundry, shops weekly and goes "for rides" regularly (Tr. 69-72; 113). He can walk half a mile. He describes no sitting limitations and uses no assistive devices (Tr. 73-74).

Test results on March 24, 2007, show "early changes of degenerative arthritis" in the right knee. The left knee shows changes of degenerative arthritis (Tr. 136).

On April 28, 2007, examining physician Marie Ho, M.D., observes plaintiff takes no pain medication for his knee pain (Tr. 130). If he sits too long, his legs go numb. Plaintiff weighs 340 pounds. Obesity exacerbates his knee pain (Tr. 131). He has never

been diagnosed with or treated for depression, but reports
becoming depressed after the second knee surgery because he was
accustomed to being active and now lacks the ability. On an
average day he attends college. Plaintiff lives with his
girlfriend and does not use recreational drugs or drink alcohol
(Tr. 131).

Dr. Ho found strength was 5/5 in all extremities. She
diagnosed chronic left knee pain with limited ROM, status post two
arthroscopic surgeries, morbid obesity, and depression by history,
with no evaluation or treatment (Tr. 134). Dr. Ho opined plaintiff
can stand and walk cumulatively six of eight hours a day. If
needed, he may sit cumulatively six hours in a day. Lifting and
carrying are limited to 20 pounds occasionally and 10 frequently.
He should kneel and crouch only occasionally (Tr. 134).

In June of 2007 (Tr. 148), plaintiff told treating physician
Paul Degenfelder, M.D., he had no "significant conservative
treatment in the last three years." His lifestyle is sedentary. He
does not use alcohol. Mr. Moreno is "trying to go back to school
to train in something that provides him with a desk job" (Tr.
148). Plaintiff is able to ambulate without assistive devices and
has no appreciable limp (Tr. 149). Review of x-rays taken the same
day show some mild DJD in both knees, left greater than right (Tr.
150). Dr. Degenfelder prescribed physical therapy and home
exercise and directed plaintiff to return in 6 weeks (Tr. 150).

In September of 2007 plaintiff's physical therapist notes Mr.
Moreno walked a half mile daily last week, although he continues
to have pain in the morning and in cold weather. He partially
complied with performing home exercises. Plaintiff was discharged

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 11 -

September 13, 2007 (Tr. 157-158).

On October 4, 2007, orthopedic surgeon Gene Griffiths, M.D., observed imaging tests show significant loss of point space and "osteophytosis about the lateral compartment," and diagnosed significant DJD osteoarthritis of the left knee lateral compartment. He prescribed nonsteroidal medication (Tr. 145, 147).

In December of 2007, examining practitioner Vicki Love, ARNP, notes no current indication or history of substance abuse (Tr. 165). She opined it is reasonable to expect plaintiff's diagnosed knee condition to produce reported symptoms, recommended additional physical therapy, and opined Mr. Moreno can perform sedentary work (Tr. 165-167).

Also in December of 2007, plaintiff reports he lives with friends. He attends college to finish his GED and criminal justice programs. He can only stand for two hours (Tr. 171).

On January 18, 2008, a radiologist opines plaintiff has mild narrowing of joint spaces with small associated osteophytes, and mild degenerative changes in both knees (Tr. 163, 169).

After the hearing, on February 9, 2009, Anthony Francis, M.D., reviewed records. He opined plaintiff's impairments meet or equal Listing 1.02A (Tr. 177-178). Dr. Francis cites several records predating onset in 2006 by years: 1995; October 2003; November 2003; November 20, 2003; December 3, 2003, and December 4, 2003 (Tr. 176-177).

*Psychological impairment*

On March 29, 2007, examining physician C. Donald Williams notes most of plaintiff's work has been "under the table." His work involves driving around without a license to "get parts and

stuff." He has been able to go from job to job but has not worked
in four months; he has gone to college the part six months (Tr.
112), reporting he "misses a lot" of school or "a day or two."
Sometimes his children take a taxi to school because it is hard
for him to walk every day. Dr. Williams diagnosed cannabis
dependence in sustained remission, alcohol abuse in partial
remission, and personality trait disturbances. He opined plaintiff
does not meet the diagnostic criteria for depression, an opinion
echoed by Dr. Klein at the hearing (Tr. 189-191). Dr. Williams
assessed a GAF of 70, indicating mild symptoms (Tr. 112-113; 115).
The ALJ found depression does not cause more than minimal
limitation in functioning (Tr. 18), an unchallenged finding on
appeal.

*Credibility*

The ALJ evaluated plaintiff's credibility and found him less
than fully credible (Tr. 22-23). Credibility determinations bear
on evaluations of medical evidence when an ALJ is presented with
conflicting medical opinions or inconsistency between a claimant's
subjective complaints and diagnosed condition. *See Webb v.
Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.
1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 13 -

1998). Absent affirmative evidence of malingering, the ALJ's

reasons for rejecting the claimant's testimony must be "clear and

convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify

what testimony not credible and what evidence undermines the

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*

*Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed

plaintiff's credibility. Medical evidence fails to support the

claimed level of limitation. Mr. Moreno inexplicably failed to

seek treatment even when medically insured. He did not follow

recommended treatment by failing to take prescribed nonsteroidal

anti-flammatory medication (Tr. 22).

The lack of medical support for claimed limitations is a

proper reason to doubt credibility, provided it is not the sole

reason. *Burch v. Barnhart*, 400 F.3d 676, 679-681 (9th Cir. 2005);

*Bunnell v. Sullivan* 947 F.2d 341, 345 (9th Cir. 1991). As it is

not the sole factor the ALJ relied on, and it is supported by the

record, including 2008 test results, this is a clear and

convincing reason.

The ALJ observes plaintiff fails to explain why he sought no

medical treatment for allegedly severe symptoms until 2007,

despite alleging onset as of February 1, 2006 (Tr. 15, 22, Exhibit

7F/1, Tr. 108). The lack of consistent treatment can cast doubt on

a claimant's credibility. *Burch*, 400 F.3d at 676; *Fair v. Bowen*,

885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff failed to take prescribed anti-inflammatory

medication because he does not like pills. Noncompliance with

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 14 -

medical care or unexplained or inadequately explained reasons for failing to seek medical treatment casts doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair*, 885 F.2d 603 (9th Cir. 1989).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(additional proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

**B. Step 3 - Listing 1.02A**

The parties agree plaintiff must establish an inability to ambulate effectively to meet or medically equal Listing 1.02A. Plaintiff maintains he meets this requirement.

Listing 1.00B.2.b(1) provides:

an "inability to ambulate effectively" means "an extreme limitation of the ability to walk."

20 C.F.R. Part 404,, Subpart P, Appendix A 1, Listing.

The Commissioner correctly points out the Listings generally

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 15 -

define an inability to ambulate effectively as "insufficient lower extremity functioning . . . to permit independent ambulation **without the use of a hand-held-assistive device that limits the use of both upper extremities**." (Ct. Rec. 17 at 8, citing 20 C.F.R. Part 404, Subpart P, App. 1, 1.00B.2.b (1))(bold added). The example given is an "inability to walk a block at a reasonable pace on rough or uneven surfaces[.]" (Id., at 1.00B.2.b(2)).

The only evidence of pace when walking on uneven surfaces is plaintiff's properly discredited testimony. He testified he cannot walk on uneven ground. If he does, his leg hurts a lot. He walks slower than most people but takes "regular strides" (Tr. 202, 207).

The ALJ's RFC prohibited walking on uneven surfaces (Tr. 21). Contrary to plaintiff's assertion, the limitation does not equate to meeting the Listing's requirements.

The only evidence plaintiff meets or equals a listing is Dr. Francis's post-hearing report. The ALJ observes:

> Dr. Francis reviewed the medical evidence of record, although it appears he did not examine the claimant. Dr. Francis opined that claimant's condition has met or medically equaled Listing 1.02A since the time of his [second] arthroscopy in 2003 (Ex. 13F/4).

> Dr. Francis focused on Dr. Griffith's [October 2007] statement that the claimant would require a total knee arthroplasty in the future (Ex. 13F/4). Dr. Francis opined that the fact that a total knee replacement was even mentioned indicates that the claimant has significant degenerative arthritis (Ex. 13F/4). However, as noted above, the claimant's most recent x-rays of January 2008 reveal only mild degenerative changes in both knees (Ex. 12F/1) [Tr. 163, 169].

> Prior to this x-ray, Dr. Griffiths reported that the claimant's gait was reasonably normal, Dr. Degenfelder stated that he could ambulate without

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 16 -

> assistive devices, and Dr. Ho opined that he could
> stand/walk up to six hours in an eight-hour workday.
> Clearly the requirement for meeting 1.02A has not
> been met as the claimant is able to ambulate
> effectively.
>
> The undersigned does not agree with Dr. Francis'
> opinion that 'it can be inferred from [the claimant's]
> exam that he has significant problems ambulating
> effectively'(Ex. 13F/4). Four of his treating and
> examining physicians appear to have found exactly
> the opposite.

(Tr. 20).

The opinions of treating an examining physicians are entitled to greater weight than nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). The ALJ's reason for rejecting Dr. Francis' contradicted step 3 opinion, because it is directly contradicted by treating and examining doctors, is specific, legitimate and supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

The ALJ's step 3 determination is further supported by his credibility assessment. The ALJ was not required to credit plaintiff's discredited testimony he walks more slowly than other people.

The ALJ's step 3 determination is free of legal error and supported by substantial evidence. Plaintiff fails to meet his burden of establishing his impairments, including obesity, meet or medically equal a Listed impairment. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)(plaintiff has burden of proof during the first 4 of the 5 step sequential evaluation).

**C. Step 5**

Plaintiff alleges the ALJ's RFC should have included options

to recline and elevate the leg/foot (Ct. Rec. 14 at 12-16).

The ALJ points out no doctor has opined plaintiff cannot work because of his condition [other than Dr. Francis]. Plaintiff testified that no doctor had placed him on any restrictions. Most significantly, Mr. Moreno testified if offered a job where he could remain seated most of the time, he could perform the work (Tr. 23).

The ALJ's assessed RFC for sedentary work with additional limitations is fully supported by the evidence. The ALJ failed to include an option to recline and elevate the leg/foot in his RFC because the limitation is based solely on Mr. Moreno's discredited testimony.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes*, 881 F.2d at 751 (9th Cir. 1989). The court finds the assessed RFC is free of legal error and supported by substantial evidence. Accordingly, the RFC and questions to the VE are sufficient. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible. His assessment of the medical and other evidence is supported by the record and free of legal error.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                            - 18 -

**GRANTED.**

    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

    The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

    DATED this 26th day of July, 2010.


                                        s/ James P. Hutton

                                    JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE